UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANARIA CABRERA, et al., *Plaintiffs, on behalf of themselves and others similarly situated*, v. U.S. DEPARTMENT OF LABOR, et al., *Defendants*. | Civil Action No. 25-1909-DLF |

**PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respond to Defendants' notice (ECF 36) regarding *Vera Institute of Justice v. U.S. Department of Justice*, No. 25-cv-1643 (D.D.C. July 7, 2025), which held that grant recipients' claims challenging the terminations of their grants are subject to the Court of Federal Claims' exclusive jurisdiction. That decision is irrelevant here, where Job Corps enrollees challenge Defendants' decision to, in its words, "pause" Job Corps program operations nationwide and at 99 Job Corps centers.

As to the *Vera* plaintiffs' arbitrary and capricious claim, Judge Mehta focused on whether the relevant agreements were "contracts," and thus whether the Court of Federal Claims would have jurisdiction to provide monetary damages for a wrongful termination of those agreements. ECF 36-1 at 19–23. That analysis says nothing about the claims brought by Plaintiffs here, who do not hold any relevant contracts with Defendants, do not seek monetary relief, and undoubtedly could not bring claims within the Court of Federal Claims' jurisdiction.

Judge Mehta held that the *Vera* plaintiffs' statutory claims were, at their essence, contractual because (1) "it is possible to conceive of this dispute as entirely contained within the terms of the contract," and the court would be required to examine the terms and conditions of the

grant agreements; (2) plaintiffs' requested relief—"continued payment of the grants"—was analogous to specific performance; and (3) the non-monetary relief sought "does not have considerable value apart from the future potential for monetary gain." *Id.* at 25–26. None of these factors apply here. It is *not* "possible to conceive of this dispute as entirely contained within the terms of the contract." The terms of any contract are irrelevant to the dispute, which turns on questions of statutory interpretation. Nor do Plaintiffs seek to compel specific performance of any contractual obligation, as opposed to performance of DOL's statutory obligations under 29 U.S.C. §§ 3197(a)(1) and 3198(d). Finally, Plaintiffs do not seek any monetary relief, and the non-monetary relief they seek—the continued operation of a program by which they are entitled to housing, education, training, and other services—has considerable value.

Dated: July 9, 2025                               Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver (DC Bar No. 1020475)
Michael T. Kirkpatrick (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

Arthur Ago (DC Bar No. 463681)
Aaron S. Fleisher[*†] (NY Bar No. 4431052)
Southern Poverty Law Center
1101 17th St. NW Ste. 705
Washington, DC 20036

Scott D. McCoy[*] (FL Bar No. 1004965)
Sam Boyd[*] (FL Bar No. 1012141)
Carli Raben[*] (FL Bar No. 1036013)
Southern Poverty Law Center
2 S. Biscayne Blvd. Ste. 3750
Miami, FL 33131

2

Michael Tafelski[*] (GA Bar No. 507007)
Diego A. Soto[*] (DC Bar No. 1029607)
Southern Poverty Law Center
150 E. Ponce De Leon Ave. Ste. 340
Decatur, GA 30030

*Counsel for Plaintiffs*

[*] *Admitted* pro hac vice

[†] *Not admitted to practice law in DC*

3