IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANARIA CABRERA, et al., *Plaintiffs*, v. UNITED STATES DEPARTMENT OF LABOR, et al., *Defendants*. | Civil Action No. 25-01909-DLF |

**DEFENDANTS' SUPPLEMENTAL BRIEF ON PLAINTIFFS' REQUEST FOR A NATIONWIDE PRELIMINARY INJUNCTION AND STAY**

On May 29, 2025, the Department of Labor paused[1] operations at privately-operated Job Corps centers in the face of the program's "systemic problem" with "budget and performance across the board": an $86 million deficit, years of low graduation rates, and thousands of serious safety and security incidents.[2] Plaintiffs are seven Job Corps students at just six Job Corps centers, yet they seek a nationwide injunction impacting ninety-nine Job Corps centers nationwide – without having even attempted to satisfy the requirements of provisional class certification. This they may not do, either under the long-established requirements of Federal Rule of Civil Procedure 23 or the Supreme Court's recent decision in *Trump v. CASA, Inc.*, 606 U.S. ---, 2025 WL 1773631 (2025). Nor may Plaintiffs leverage Section 705 of the Administrative Procedure Act (APA) to circumvent these clear requirements.

Specifically, even if this Court had jurisdiction over Plaintiffs' "in essence" contractual claims, ECF No. 20 at 11–12, Plaintiffs' request for nationwide preliminary relief must be denied. First, Plaintiffs have neither requested nor satisfied the requirements for provisional certification of their class, and they may not use their mere pleading of a putative class as an end run around *CASA*. Second, Section 705 of the APA likewise does not authorize this Court to grant universal relief to the seven individuals before this Court. Thus, should the Court be inclined to grant Plaintiffs any preliminary relief, its scope must be limited to the seven named Plaintiffs.

**ARGUMENT**

**A.     The Court May Not Grant Nationwide Relief To Plaintiffs As A Provisional Class.**

As an initial matter, Plaintiffs have not requested provisional class certification. By having failed to do so, they have forfeited any right to certify a provisional class and to obtain preliminary

---

[1] Contrary to the Court's suggestion at the hearing, there is not a formal definition of a "pause." *See* Tr. at 28:24–29:2. Rather, the term "pause" is used to distinguish a temporary or indefinite suspension of "operations at a center" from its permanent closure. ECF No. 20-2 at 57.
[2] Tr. at 38:4–5.

1

class relief. *See, e.g.*, *United States v. Great Am. Ins. Co. of N.Y.*, 738 F.3d 1320, 1328 (Fed. Cir. 2013) ("It is well established that arguments that are not appropriately developed in a party's briefing may be deemed waived.").

In any event, Plaintiffs have not, and cannot, satisfy the requirements for provisional class certification, which they must do to obtain their requested preliminary relief. For decades, it has been established law that "[a] court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met." Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment. Rule 23 "does not set forth a mere pleading standard," but rather imposes a burden on Plaintiffs to "affirmatively demonstrate[] compliance with" its requirements. *R.I.L-R v. Johnson*, 80 F. Supp. 3d. 164, 179 (D.D.C. 2015). As this Court repeatedly has held, plaintiffs seeking such relief on behalf of a class should "ask this Court to provisionally certify a class for purposes of the preliminary injunction." *Angelica S. v. U.S. Dep't of Health & Human Servs.*, __ F. Supp. 3d __, 2025 WL 1635369, at *9 (D.D.C. 2025). And, to "merit provisional certification, the plaintiffs bear the burden of showing that each of the four prerequisites of Federal Rule of Civil Procedure 23(a) have been met." *Id.* Thus, to "grant[] such provisional certification, the Court must still satisfy itself that the requirements of Rule 23 have been met." *R.I.L-R*, 80 F. Supp. 3d at 179–80; *accord Berge v. United States*, 949 F. Supp. 2d 36, 49 (D.D.C. 2013) (concluding that an "earlier provisional certification of a class for purposes of the summary judgment motion was in error because [the court] had not yet determined that the requirements of Rule 23 were met").

Even if Plaintiffs had moved for provisional class certification – and they did not – they cannot satisfy the rigors of Rule 23 and therefore cannot obtain preliminary class relief. Specifically, as to Rule 23(a)'s adequacy requirement, Plaintiffs do not adequately represent the interests of *every* Job Corps participant, such as those who have benefitted from or prefer the

various alternative resources that DOL provided following the May 2025 pause. *See* ECF No. 33 at 8–11.  Further, as to Rule 23(a)'s commonality and typicality requirements, the question of whether the pause of Job Corps services at *ninety-nine* different Job Corps centers across the country is lawful cannot be answered uniformly with respect to *every* putative class member.  *See id.* at 11–12.  Finally, as to Rule 23(b)(2)'s indivisible remedy requirement, Plaintiffs have wholly failed to demonstrate that their proposed class is entitled to the sort of single, indivisible remedy that is necessary to certify a class.  *See id.* at 13–15.

Plaintiffs may not make an end run around the stringent class certification requirements of Rule 23 merely by setting forth unproven allegations that its requirements have been satisfied. Permitting Plaintiffs to do so would eviscerate *CASA*'s core holding that an injunction may be no "broader than necessary to provide complete relief to each plaintiff with standing to sue" and may, at most, "offer complete relief *to the plaintiffs before the court*." 2025 WL 1773631, at *11, *15 (emphasis in original).  As Justice Alito emphasized in his concurrence, "district courts should not view [*CASA*] as an invitation to certify nationwide classes regardless of the cause(s) of action alleged without scrupulous adherence to the rigors of Rule 23.  Otherwise, the universal injunction will return from the grave under the guise of 'nationwide class relief[.]'" *Id.* at *18 (Alito, J. concurring).  Accordingly, under Rule 23 and under *CASA*, the Court may not grant nationwide injunctive relief to the seven Plaintiffs in this action.

**B.     The Court Lacks Authority to Grant Nationwide Preliminary Relief Under §705.**

The Court should also deny Plaintiffs' requested stay under the APA because such relief is effectively a universal injunction that this Court lacks authority to issue, and because Plaintiffs only have standing to seek a stay of the agency actions that affect *them*.

In *CASA*, the Supreme Court addressed universal injunctions and held that "Congress has granted federal courts no such power," 2025 WL 1773631, at *1, as universal injunctions have no

3

...
...

historical analogue in equity practice, *id.* at *2. Instead, the governing principle is that a court granting equitable relief "may administer complete relief *between the parties*." *Id.* at *11 (quotation omitted). "Under this principle, the question is not whether an injunction offers complete relief to everyone potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*." *Id.* Focusing on the "plaintiffs before the court" and not "everyone" is especially important because, "[w]hen a federal court enters a universal injunction against the Government, it 'improper[ly] intru[des]' on 'a coordinate branch of the Government' and prevents the Government from enforcing its policies against nonparties." *Id*. at *14 (quoting *INS v. Legalization Assistance Project of L.A. Cnty. Fed'n of Lab.*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in chambers)).

Although Plaintiffs have requested a "stay" under Section 705, a stay ordinarily operates to suspend a "source of authority," *Nken v. Holder*, 556 U.S. 418, 429 (2009), for example, by delaying the effective date of an agency's rule until a later date. This kind of relief, therefore, cannot be entered *after* the agency action has already taken effect, as here. Rather, a stay of DOL's pause in Job Corps operations would be injunctive in nature and effect. Regardless, even if a stay of agency action were available here under Section 705, the same equitable principles explicated in *CASA* should govern this Court's consideration of that request for relief. Section 705 provides that, "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury . . . a reviewing court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. The Supreme Court interpreted analogous language in the National Labor Relations Act—permitting "temporary relief" that a court "deems just and proper"—to "empower courts to grant equitable relief . . . in a manner consistent with traditional principles of

equity." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024) (quoting 29 U.S.C. § 160(j)). Those are the same "principles of equity" that the Supreme Court in *CASA* invoked in holding that courts are limited to providing party-specific relief.

Although some courts previously have interpreted Section 705 as authorizing in essence an interim form of vacatur with nationwide effect, Congress in enacting Section 705 did not intend to create any new remedies beyond the traditional equitable relief that existed at the time of the APA's passage. *See Sampson v. Murray*, 415 U.S. 61, 68 n.15 (1974) (noting that Section 705 "was primarily intended to reflect existing law" and not to "fashion new rules of intervention for District Courts"). Because Section 705 did not depart from the traditional equitable principles that *CASA* articulated— including, as relevant here, the "party-specific principles" that "permeate our understanding of equity"—universal Section 705 relief is no more permissible than a universal preliminary injunction. 2025 WL 1773631, at *7.

Consistent with the foregoing principles, the Court is limited—at most—to providing relief to the seven named Plaintiffs. Plaintiffs have alleged injuries arising from the pause in operations at the particular six Job Corps centers providing them services. Those injuries are remedied by continuation of their services at those centers. This Court's relief could not extend to the ninety-three other Job Corps centers whose operations DOL also paused or their participants. Indeed, even if Section 705 permitted the Court to grant a universal stay of agency action, the relevant "agency action" here would be the pause in operations at the six Job Corps centers that affect Plaintiffs. Those are the only agency actions that these Plaintiffs have Article III standing to challenge, and they are the only agency actions that the Court would have the power to "stay" under Section 705. However viewed, the outcome is thus the same—at most, the Court could stay or enjoin the pause in operations at these six centers, and nothing more.

5

Dated: July 16, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JACQUELINE COLEMAN SNEAD
Assistant Branch Director
Civil Division, Federal Programs Branch

*Zareen Iqbal*
ZAREEN IQBAL
(N.Y. Bar No. 5481940)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station Washington, DC 20044
Phone: (202) 353-5639
E-mail: zareen.iqbal2@usdoj.gov

**Attorneys for Defendants**