# Reply to Defendants' Opposition to Motion for Leave to Intervene

**Civil Action No. 25-01909-DLF** In the United States District Court for the District of Columbia

## INTRODUCTION

Defendants argue Plaintiff lacks standing to intervene—yet simultaneously cite Plaintiff's separate lawsuit (*Valine v. DOL*) as the basis for procedural protection. That contradiction not only acknowledges the legitimacy of Plaintiff's claims; it confirms their structural relevance. Plaintiff respectfully submits this Reply to clarify standing, correct mischaracterizations of eligibility, and reassert the need for inclusion to ensure disability harms are adjudicated on a unified record.

## I. PLAINTIFF HAS STANDING UNDER SECTION 504 AND ADA

Contrary to Defendants' assertions:

- Plaintiff has **been accepted into the Job Corps program**, confirming eligibility and direct impact.
- Plaintiff has a prior **Individualized Education Program (IEP)**, reflecting formal evaluation and recognized disability status under federal law.
- Plaintiff's disabilities—including ADHD and Autism—substantially limit major life activities such as executive functioning and learning, placing him within the scope of protections under Section 504 and ADA Title II.

Program shutdowns and denial of inclusive alternatives created a direct injury-in-fact, traceable to Defendants' actions, and redressable through this Court.

## II. DOJ'S RELIANCE ON PLAINTIFF'S SEPARATE SUIT CREATES A PROCEDURAL CONTRADICTION

Defendants oppose intervention by claiming Plaintiff's interests are "protected" in *Valine v. DOL*. Yet they simultaneously dispute those interests as insufficient to establish standing in *Cabrera*. If the harms asserted in Plaintiff's separate complaint are valid enough to shield Defendants from intervention, then they are valid enough to warrant inclusion and review. This contradiction affirms Plaintiff's procedural relevance and exposes the insufficiency of existing representation.

## III. PLAINTIFF MEETS THE REQUIREMENTS FOR INTERVENTION UNDER RULE 24(a)(2)

RECEIVED
AUG 5 2025
Clerk, U.S. District & Bankruptcy Court for the District of Columbia

- **Interest**: Plaintiff asserts disability-based civil rights claims that no existing party advances.
- **Impairment**: Exclusion from this action impairs Plaintiff's ability to protect those rights.
- **Adequacy**: Plaintiffs in *Cabrera* do not raise Section 504 or ADA claims.
- **Timeliness**: Defendants concede timeliness.

The harms are not tangential—they are foundational to accountability.

## IV. CONSOLIDATION PROVIDES AN EFFICIENT REMEDY

Plaintiff requests this Court consolidate *Valine v. DOL* with *Cabrera* under Rule 42(a). Both cases involve common defendants, overlapping facts, and systemicfrom Job Corps. Consolidation prevents duplicative litigation, ensures judicial economy, and guarantees that disability-based harms are heard—not partitioned.

## CONCLUSION

DOJ's own filings confirm Plaintiff's procedural relevance. If the government invokes Plaintiff's separate suit to block intervention, then the Court must treat those claims as central—not dismissible. Intervention or consolidation is necessary to ensure accountability for disability exclusion.

Respectfully submitted, Jacob Valine Pro Se Plaintiff



Case 1:25-cv-01909-DLF    Document 56    Filed 08/05/25    Page 3 of 3