UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANARIA CABRERA, et al.,<br><br>*Plaintiffs, on behalf of themselves and others similarly situated*,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR, et al.,<br><br>*Defendants*. | Civil Action No. 25-1909-DLF |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR AN EXTENSION OF TIME TO FILE JOINT BRIEFING SCHEDULE**

Plaintiffs submit this opposition to Defendants' request for an extension of time to file a joint status report proposing a schedule for further proceedings in this case.

## BACKGROUND

On July 25, 2025, the Court ordered the parties "to meet and confer and file a joint status report on or before August 8, 2025, proposing a schedule for further proceedings in this case." The parties met and conferred on August 4, 2025, and discussed a schedule for production of the administrative record and a schedule for briefing on cross-motions for summary judgment. On August 4, Defendants' counsel agreed that the agency was likely able to produce the administrative record within 30 days, and that Defendants were amenable to the following schedule for briefing summary judgment.

| | |
|---|---|
| Defendants' production of administrative record | by September 5, 2025 |
| Plaintiffs' motion for summary judgment | by October 3, 2025 |
| Defendants' opposition and cross-motion for summary judgment | by October 31, 2025 |
| Plaintiffs' reply and opposition | by November 21, 2025 |

  Defendants' reply    by December 12, 2025

In the days that followed, Defendants indicated that they wanted additional time to reconsider their position. Plaintiffs suggested that the parties file the joint status report as ordered, setting forth the parties' respective positions. Defendants, however, insisted that they first file a motion for an extension of time to file the joint status report, telling Plaintiffs only that "[t]he agency requires more time, especially as it attempts to find a path towards settlement for both cases."

  In their motion, Defendants argue that they "are still discussing this matter internally to determine the appropriate proposed schedule, including whether there is a path to resolve this case without the need for further resolution by the Court." ECF 58 ¶ 6.

## ARGUMENT

  Two weeks is sufficient time to meet and confer to discuss scheduling, and Defendants' desire to engage Plaintiffs in settlement discussions does not obviate the need for a schedule for further proceedings. Plaintiffs have informed Defendants that there are serious impediments to settlement of this putative class action, and that Plaintiffs intend to litigate the case to judgment, even as they remain willing to entertain settlement offers, of which there have been none.

  The Court should not countenance further delay. Defendants have not shown good cause for an extension of time as required by Fed. R. Civ. P. 6(b)(1).

  Accordingly, Plaintiffs respectfully request the Court deny Defendants' motion for an extension of time and that the Court should enter a schedule for production of the administrative record and for briefing on cross-motions for summary judgment.

Dated: August 8, 2025    Respectfully submitted,

             s/ Michael T. Kirkpatrick
             Michael T. Kirkpatrick (DC Bar No. 486293)
             Adam R. Pulver (DC Bar No. 1020475)
             Public Citizen Litigation Group

1600 20th Street NW
Washington, DC 20009
(202) 588-1000
mkirkpatrick@citizen.org

Arthur Ago (DC Bar No. 463681)
Aaron S. Fleisher*† (NY Bar No. 4431052)
Southern Poverty Law Center
1101 17th St. NW Ste. 705
Washington, DC 20036

Scott McCoy* (FL Bar No. 1004965)
Sam Boyd* (FL Bar No. 1012141)
Carli Raben* (FL Bar No. 1036013)
Southern Poverty Law Center
7052 S. Biscayne Blvd. Ste. 3750
Miami, FL 33131
(786) 347-2056

Michael Tafelski* (GA Bar No. 507007)
Diego A. Soto (GA Bar No. 868364)
Southern Poverty Law Center
150 E. Ponce de Leon Ave. Ste. 340
Decatur, GA 30030

*Attorneys for Plaintiffs*

* *Admitted* pro hac vice

† *Not admitted to practice law in DC*