UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANARIA CABRERA, et al.,

    *Plaintiffs, on behalf of themselves and others similarly situated*,

    v.

U.S. DEPARTMENT OF LABOR, et al.,

    *Defendants*.

Civil Action No. 25-1909-DLF

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order of July 25, 2025, the parties met and conferred regarding a proposed briefing schedule for further proceedings in this case. The parties were unable to agree on a schedule for further proceedings and set out their respective positions as follows.

### PLAINTIFFS' POSITION

Plaintiffs ask the Court to order the production of the administrative record and set the following schedule for briefing on cross-motions for summary judgment. When counsel met and conferred on August 4, 2025, Defendants' counsel stated that the agency was likely able to produce the administrative record within 30 days, and that Defendants were amenable to the following schedule for briefing summary judgment. Plaintiffs ask the Court to set a schedule consistent with that agreement:

| | |
|---|---|
| Defendants' production of administrative record | by September 5, 2025 |
| Plaintiffs' motion for summary judgment | by October 3, 2025 |
| Defendants' opposition and cross-motion for summary judgment | by October 31, 2025 |
| Plaintiffs' reply and opposition | by November 21, 2025 |
| Defendants' reply | by December 12, 2025 |

Plaintiffs disagree with Defendants' view that setting a schedule for further proceedings in this case would delay its resolution. First, Defendants have made no settlement proposal and Plaintiffs have explained that, given the nature of the relief sought on behalf of a nationwide class, settlement is unlikely. Second, Defendants' desire to settle a different case with different plaintiffs and different claims does not provide a sound basis to refuse to set a schedule for further proceedings in this case. Third, although Plaintiffs here will remain open to considering any settlement proposal that Defendants might make, there is no reason that the possibility of a future settlement offer should delay entry of a scheduling order. The parties can ask for relief from any deadlines should a settlement appear possible. Finally, without access to the administrative record, Plaintiffs are unable to adequately evaluate any compromise that might be offered by Defendants. It was Defendants' counsel that initially suggested that the administrative record should be produced within 30 days, and the administrative record must be produced before this case can be resolved, whether by judgment or settlement.

## DEFENDANTS' POSITION

Defendants state that both the parties and the Court would benefit tremendously from an out-of-court resolution of this action, as well as of the parallel action pending in the United States District Court for the Southern District of New York, *Nat'l Job Corps Ass. v. Dep't of Labor*, No. 1:25-cv-04641 (S.D.N.Y.). For this reason, defendants respectfully submit that proposing a schedule for submission of the administrative record and summary judgment briefing at this time, which should be devoted to exploring the potential for settlement, would accomplish little more than expending the parties' and the Court's limited resources. It also is likely to diminish the parties' respective willingness and ability to negotiate a settlement. In contrast, with the preliminary injunction presently in place, Plaintiffs will suffer no harm from

any purported delay in this action while the parties pursue mediation and settlement. Accordingly, in lieu of setting a litigation schedule at this time, Defendants respectfully request that the Court provide the Parties a period of time without competing litigation deadlines to determine whether they may be able to resolve this case without court involvement.

In the alternative, defendants respectfully request that they be permitted to submit their proposed schedule for proceedings in this action on Friday, August 15, 2025. *See* ECF No. 58. The requested extension will align this Court's deadline with that set by the S.D.N.Y. court. *See Nat'l Job Corps Ass.*, No. 25-4641, ECF No. 87. It would also provide Defendants with the additional time that is necessary to properly assess the breadth and scope of the administrative record, and to determine how long it would take to properly review and compile the administrative record. On August 4, 2025, Defendants' and Plaintiffs' counsel had a preliminary conference to discuss the Parties' respective positions and a possible schedule. On that date, Defendants' counsel made clear to Plaintiffs' counsel that Defendants had not yet provided a date for submitting the administrative record. Defendants did not commit to a specific date for providing the administrative record, and the Parties did not agree to any specific schedule dates.

To the extent that the Court nevertheless is inclined to enter a schedule at this time, defendants respectfully request that the Court set a deadline for the administrative record that is no sooner than 60 days from the Court's entry of a scheduling order, with Plaintiffs' motion, Defendants' cross-motion, Plaintiffs' reply, and Defendants' reply due at 30-day intervals thereafter. Defendants respectfully submit that this schedule is necessary to provide an appropriate administrative record, would promote the conservation of the parties' and the Court's resources, would facilitate the potential for settlement of this matter (and the S.D.N.Y. matter), and would not cause any harm to plaintiffs.

Dated: August 8, 2025

/s *Zareen Iqbal*
ZAREEN IQBAL
(N.Y. Bar No. 5481940)
ZACHARY W. SHERWOOD
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 353-5639
E-mail: zareen.iqbal2@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

Respectfully submitted,

/s/ *Michael T. Kirkpatrick*
Michael T. Kirkpatrick (DC Bar No. 486293)
Adam R. Pulver (DC Bar No. 1020475)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
mkirkpatrick@citizen.org

Arthur Ago (DC Bar No. 463681)
Aaron S. Fleisher*† (NY Bar No. 4431052)
Southern Poverty Law Center
1101 17th St. NW Ste. 705
Washington, DC 20036

Scott McCoy* (FL Bar No. 1004965)
Sam Boyd* (FL Bar No. 1012141)
Carli Raben* (FL Bar No. 1036013)
Southern Poverty Law Center
7052 S. Biscayne Blvd. Ste. 3750
Miami, FL 33131
(786) 347-2056

Michael Tafelski* (GA Bar No. 507007)
Diego A. Soto (GA Bar No. 868364)
Southern Poverty Law Center
150 E. Ponce de Leon Ave. Ste. 340
Decatur, GA 30030

*Attorneys for Plaintiffs*

\* *Admitted* pro hac vice

† *Not admitted to practice law in DC*