**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ANARIA CABRERA, *et al.*,

        *Plaintiffs*,

    v.

U.S. DEPARTMENT OF LABOR, *et al.*,

        *Defendants*.

No. 25-cv-1909 (DLF)

<u>**ORDER**</u>

Seven Job Corps student-enrollees brought this action challenging the Department of Labor's shuttering of 99 privately operated Job Corps centers. Jacob Valine, appearing *pro se*, moves to intervene as a plaintiff. Dkt. 48. For the reasons that follow, his motion to intervene will be denied.

Rule 24 of the Federal Rules of Civil Procedure "outlines two different avenues by which a court can allow an outsider to intervene—intervention of right, and permissive intervention." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1044 (D.C. Cir. 1998). Rule 24(a) provides for intervention of right when a movant can demonstrate four requirements: "1) timeliness of the application to intervene; 2) a legally protected interest; 3) that the action, as a practical matter, impairs or impedes that interest; and 4) that no party to the action can adequately represent the potential intervenor's interest." *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015) (citing Fed. R. Civ. P. 24(a)).

Rule 24(b) provides for permissive intervention by a third party who either "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law." Fed. R. Civ. P. 24(b). The D.C. Circuit has "eschewed

strict readings of the phrase 'claim or defense,' allowing intervention even in situations where the existence of any nominate claim or defense is difficult to find." *Nat'l Children's Ctr.*, 146 F.3d at 1046 (citation modified). The Court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Court retains "considerable latitude to grant or deny intervention based on the particular circumstances of the case" under Rule 24(b). *Ctr. for Biological Diversity v. EPA*, 274 F.R.D. 305, 313 (D.D.C. 2011) (citation modified).

Valine alleges the following facts. He suffers from ADHD and autism. Dkt. 48 at 1. In May 2025, he was accepted to a Job Corps center. Dkt. 56 at 1–2. The abrupt closure of the center "disrupted [his] access to housing, structured education, and federally supported disability accommodations" because the Department of Labor failed to offer "reasonable accommodations or transitional resources for disabled youth." Dkt. 48 at 1; Dkt. 48-1 at 1.

Valine now seeks to bring three claims against the Department of Labor (DOL), alleging that DOL violated three statutes: (1) Title II of the Americans with Disabilities Act (ADA); (2) the Workforce Innovation and Opportunity Act (WIOA); and (3) Section 504 of the Rehabilitation Act. Starting with Rule 24(a) intervention, the Court takes the claims in turn and will deny his motion to intervene as to each.[1]

First, Valine lacks a "legally protected interest" to proceed with an ADA claim against DOL. Title II of the ADA protects individuals against discrimination by *state and local* governments, not by the federal government. *See* 42 U.S.C. § 12132; *id.* § 12131(1) (defining

---

[1] The defendants raise numerous other grounds for denying Valine's motion, including that he lacks Article III standing for at least two of his claims. Because the Court will deny Valine's motion on other "threshold ground[s] that [do] not require [the Court] to reach the merits" of his claims, it "need not resolve [Valine's] standing to intervene." *Nat'l Ass'n of Clean Water Agencies v. EPA*, 734 F.3d 1115, 1160–61 (D.C. Cir. 2013).

"public entity"); *see also Woodruff v. Mineta*, 215 F. Supp. 2d 135, 138–39 (D.D.C. 2002) ("[T]he ADA does not apply to the federal government."). Because Valine cannot bring an ADA claim against the federal defendants here, he has no "legally protected interest" under the ADA that can support Rule 24(a) intervention.

Second, assuming that Valine can satisfy the other requirements of Rule 24(a), his WIOA claim fails under the adequacy prong. The plaintiffs in this case have sought relief under the APA, arguing that the defendants violated WIOA when they closed Job Corps centers. Valine's claim that DOL is statutorily obligated under WIOA to continue operating the centers is thus fully and adequately represented by the plaintiffs in this case, who are vigorously pursuing their claims. Valine's attempted intervention under Rule 24(a) therefore fails.

And third, Valine's claim under § 504 of the Rehabilitation Act does not support intervention of right because this action does not "impair" or "impede" his interests under that statute. Valine alleges that DOL failed to provide "reasonable accommodations" for his disabilities or "accessible alternatives" after it shut down the Job Corps centers. Dkt. 48-1 at 1. But DOL's ability and purported obligation to provide such accommodations and alternatives are not at issue in this action. Plaintiffs in this case allege that DOL violated WIOA by shutting down the centers without following statutorily required procedures. Regardless of the outcome of this suit, Valine can independently pursue his claims under the Rehabilitation Act. Indeed, Valine has already filed a separate lawsuit in this Court seeking the same relief. *See Valine v. Department of Labor*, No. 25-cv-02352 (JEB) (D.D.C. July 21, 2025).

Finally, turning to permissive intervention under Rule 24(b), the Court finds that intervention by Valine would unduly delay this suit and substantially expand the issues involved. Intervention also would not contribute to the adjudication of this matter. *See Biden v. IRS*, 752 F.

Supp. 3d 97, 117–18 (D.D.C. 2024) (denying permissive intervention on the grounds of undue delay and prejudice to the original parties); *Ctr. for Biological Diversity*, 274 F.R.D. at 313–14 (denying permissive intervention on the grounds that movants would not contribute to the adjudication of the questions presented). The questions presented in this case relate to DOL's statutory obligations under WIOA. Valine's disability-rights claims go beyond the question presented in this case, would not aid in the adjudication of the plaintiffs' claims, and would instead delay their resolution. And as stated above, Valine's WIOA claim is duplicative and adequately represented by the plaintiffs.

For the above reasons, it is

**ORDERED** that Valine's Motion to Intervene, Dkt. 48, is **DENIED**.

**SO ORDERED.**

DABNEY L. FRIEDRICH
United States District Judge

August 11, 2025