IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANARIA CABRERA, et al., <br><br> *Plaintiffs.* <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, et al., <br><br> *Defendants.* | Civil Action No. 25-1909-DLF |

**DEFENDANTS' MOTION FOR REFERRAL TO MEDIATION**

Defendants respectfully request that the Court refer this matter to mediation pursuant to Local Rule 84.4. That rule provides that district courts, at any point during the course of the litigation, "may refer civil cases to mediation" (1) "by encouraging litigants to submit to mediation voluntarily" or (2) "by requiring litigants to participate after giving them an opportunity, in response to an order to show cause, to explain why mediation would not be appropriate in their case." LCvR 84.4(a)-(b). The decision to refer a case to mediation over a party's objection is within the Court's discretion.[1] *See Konarski v. Donovan*, 763 F. Supp. 2d 128, 137 (D.D.C. 2011). This Court should exercise that discretion here for several reasons: (1) the issues in dispute might be resolved or narrowed; (2) mediation may conserve judicial and party resources; and (3) Plaintiffs would suffer no harm from having this matter referred to mediation. Accordingly, this motion should be granted.

---

[1] Plaintiffs' counsel has advised that Plaintiffs oppose this motion.

1

## BACKGROUND

Plaintiffs filed their putative class-action complaint on June 18, 2025, alleging that Defendants' May 29, 2025 decision to pause operations at all privately-operated Job Corps centers violates the Administrative Procedure Act ("APA"). *See* ECF No. 1. Plaintiffs contemporaneously filed a motion for class certification, *see* ECF No. 4, and a motion for preliminary relief, *see* ECF No. 3. On July 25, 2025, the Court granted the latter motion, stayed the May 29, 2025 decision nationwide pursuant to 5 U.S.C. § 705, and ordered that Defendants "shall not issue, enforce, implement, maintain, or give effect to any termination or non-renewal notice issued under" that decision absent compliance with statutorily prescribed closure procedures. ECF No. 52 (citing 29 U.S.C. §§ 3209(j), 3211(c)), *see* ECF No. 53.

While the Court was adjudicating Plaintiffs' motion for preliminary relief, a parallel challenge to Defendants' decisions concerning Job Corp center operations was proceeding in the United States District Court for the Southern District of New York. *See Nat'l Job Corps Ass'n v. Dep't of Lab.*, No. 1:25-cv-04641 (S.D.N.Y.) (hereinafter "*NJCA*"). The *NJCA* plaintiffs likewise allege that Defendants' May 29, 2025, decision to pause private Job Corps center operations violates the APA. And the district court in that case likewise granted the plaintiffs' request for nationwide preliminary injunctive relief, *see id.*, ECF No. 57, but subsequently limited that relief to the named plaintiffs, in accordance with *Trump v. CASA, Inc.*, 606 U.S. 831 (2025). *See NJCA*, ECF No. 77.

Defendants approached both the *NJCA* plaintiffs and Plaintiffs in this case about the prospect of entering mediation. On August 22, 2025, Defendants and the *NJCA* plaintiffs jointly requested that the *NJCA* matter be referred to a magistrate judge for settlement mediation, *see id.*, ECF No. 101, and the district court granted that request on September 5, 2025, *see id.*, ECF

2

No. 102. A pre-settlement conference has since been scheduled for September 22, 2025. *Id.*, ECF No. 104. Initial settlement discussions have occurred in *NJCA*, and the parties to that action already have voluntarily exchanged written settlement proposals in advance of that pre-settlement conference.

In this case, Defendants have twice now reached out to Plaintiffs to discuss possible settlement, first in August, upon learning of the *NJCA* plaintiffs' agreement to enter mediation, and more recently on September 9, 2025, after productive pre-mediation discussions with the *NJCA* plaintiffs. On September 17, 2025, Defendants conferred with Plaintiffs about the instant motion, and counsel advised that Plaintiffs oppose the motion.

## ARGUMENT

"It is a cardinal virtue of Article III courts to avoid unnecessary decisions and to promote voluntary resolutions where appropriate." *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022). Thus, "[f]ew public policies are as well established as the principle that courts should favor voluntary settlements of litigation by the parties to a dispute." *Id.* (citation omitted). The Court Mediation Program reflects that principle. Indeed, as the Rules of the United States District Court for the District of Columbia recognize:

> Mediation is a flexible, non-binding, confidential process in which a neutral lawyer mediator facilitates settlement negotiations. The mediator improves communication, helps parties clarify their interests and understand those of the other party, probes the strengths and weaknesses of each party's legal position, helps identify key legal and factual issues, identifies common interests and areas of agreement and helps generate options for a mutually agreeable resolution of the dispute. If requested, the mediator may provide a neutral and confidential evaluation of the merits of the case. A hallmark of mediation is its capacity to expand traditional settlement discussion, and broaden resolution options, often by exploring litigant needs and interests that may be independent of the legal issues in controversy.

LCvR 84.2(a). The Rule further provides that the Court may "require[] litigants to participate [in mediation] after giving them an opportunity, in response to an order to show cause, to explain

3

why mediation would not be appropriate in their case." *Id.* 84.4(a)(2); *see, e.g.*, *Hayes v. Mayorkas*, Minute Order, No. 23-cv-2734 (D.D.C. Sept. 5, 2025) (Ali, J.) (referring case to mediation where objecting party had "not shown adequate cause why mediation would not be appropriate"); *Clarian Health West, LLC v. Burwell*, Minute Order, No. 14-cv-339 (D.D.C. Aug. 29, 2024) (Reyes, J.) (finding that "further mediation could be productive and that good cause exists to order it").

The Court should do so here. Although the Court has entered a briefing schedule for cross-motions for summary judgment, mediation at this juncture could be productive for several reasons. *See Certain Underwriters at Lloyd's v. S. Pride Trucking, Inc.*, 331 F. Supp. 3d 956, 975 (D. Neb. 2018) (recognizing that a "mediation session would be productive, particularly now that the parties are better able to assess the risk of going to trial"); *see also Fed. Trade Comm'n v. Surescripts, LLC*, 665 F. Supp. 3d 14, 49 (D.D.C. 2023) (referring case to mediation following partial grant of summary judgment).

First, mediation might resolve or narrow the issues in dispute. *See* Compl., ECF No. 1 (alleging five claims for relief: "Failure to Observe Procedure Required by Law"; "Action Contrary to Law -WIOA"; "Arbitrary and Capricious Action"; "Action in Excess of Statutory Authority"; and "Action Contrary to Law – Impoundment Control Act"). Any narrowing of the issues would conserve the resources of this Court and the parties. *See Surescripts*, 665 F. Supp. 3d at 49 (referring case to mediation "in an attempt to resolve the case or at least narrow the live issues" following partial grant of summary judgment); *Cunningham & Assocs., PLC v. ARAG, LLC*, 842 F. Supp. 2d 25, 30 (D.D.C. 2012) (recognizing that "mediation may prove highly beneficial to the parties in at least clarifying and narrowing, if not resolving, the plaintiffs' claims"); *cf. Terry v. Dist. of Columbia*, No. 19-cv-3122, 2020 WL 1079072, at *3 (D.D.C. Mar.

6, 2020) ("The parties conferring and potentially narrowing, or even resolving, issues subject to litigation is efficient for this Court at the same time that it preserves the resources of both parties.").

Second, if the action is resolved through mediation, it would obviate the briefing of cross-motions for summary judgment and would relieve the parties, as well as the Court, of any further burdensome or costly proceedings, including any appeals. *See United States v. MTU Am., Inc.*, 105 F. Supp. 3d 60, (D.D.C. 2015) ("Settlement is highly favored as '[n]ot only the parties, but the general public as well, benefit from the saving of time and money that results from the voluntary settlement of litigation.'" (citation omitted)); *Harmon v. Elkins Wrecker Serv., Inc.*, No. 1:12-cv-758, 2013 WL 2457957, at *8 (N.D. Ga. 2013) ("[M]ediation may be beneficial in helping the parties resolve their dispute efficiently and economically. Mediation could provide a more cost-effective and efficient solution than would expensive litigation."); *Cento v. Allstate Prop. & Cas. Ins. Co.*, No. 4:12-cv-85, 2014 WL 4641155, at *13 (E.D. Mo. 2014) ("In the Court's view, referral to mediation is appropriate at this time, as being in parties' interests as well as the interests of judicial economy and efficiency").

Finally, referring this matter to mediation would not harm Plaintiffs. The Court has stayed the agency decision challenged in this action. *See* ECF No. 52 (ordering "that the Department of Labor's May 29, 2025 directive to effectuate the closure of all privately-operated Jobs Corps centers is STAYED under 5 U.S.C. § 705 pending the resolution of this litigation"). Moreover, by rule, "[m]ediation is [] flexible, non-binding, [and] confidential." LCvR 84.2(a). Thus, there is little downside to this course, especially since Defendants are already engaged in mediation on the same issues. *See NJCA*, ECF No. 104.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and refer this matter to mediation.

Dated: September 19, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JACQUELINE COLEMAN SNEAD
Assistant Branch Director
Civil Division, Federal Programs Branch

*Zareen Iqbal*
ZAREEN IQBAL
(N.Y. Bar No. 5481940)
ZACHARY SHERWOOD
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station Washington, DC 20044
Phone: (202) 353-5639
E-mail: zareen.iqbal2@usdoj.gov
*Attorneys for Defendants*