UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANARIA CABRERA, et al.,<br><br>*Plaintiffs, on behalf of themselves and others similarly situated*,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR, et al.,<br><br>*Defendants*. | Civil Action No. 25-1909-DLF |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR REFERRAL TO MEDIATION**

Six weeks ago, Defendants asked this Court to delay setting a schedule to govern these proceedings on the basis that they believed "both the parties and the Court would benefit tremendously from an out-of-court resolution of this action." ECF 61 at 2. Plaintiffs disagreed, noting that "Defendants have made no settlement proposal" and that, "given the nature of the relief sought on behalf of a nationwide class, settlement is unlikely." *Id.* The Court denied Defendants' request. *See* Aug. 10, 2025 Minute Order. No relevant facts have changed: Defendants still have made no settlement proposal and Plaintiffs still believe that this putative class action brought under the Administrative Procedure Act is not amenable to settlement.

Now, Defendants ask the Court to order this case to mediation based on little more than the uncontroversial proposition that mediation can, in appropriate cases, narrow issues or avoid inefficiencies. Nonetheless, as explained below, mediation in *this* case at this time would likely be a waste of the parties' time and resources, as well as the time and resources of this Court's mediation program. The Court should therefore deny Defendants' motion without prejudice to referral to mediation on a consent basis should circumstances change.

**BACKGROUND**

Plaintiffs commenced this action on June 18, 2025, on behalf of a putative class of students enrolled at 99 Job Corps centers across the country that, in May 2025, Defendants ordered be shut, without engaging with the statutorily required process for the closure of Job Corps centers. ECF 1. They filed motions for a preliminary injunction and/or stay and for class certification that same day. ECF 3–4. Since then, this case has been marked by several last-minute extension requests by Defendants. *See, e.g.*, ECF 38 (Defendants' first extension motion regarding supplemental briefing); ECF 43 (Defendants' second extension motion regarding supplemental briefing); ECF 58 (Defendants' extension motion regarding joint briefing schedule); ECF 59 at 1–2 (opposition to last-minute request for an extension of time to file joint briefing schedule and summarizing meet-and-confer process).

At the same time, since early August, Defendants have repeatedly expressed a desire that this case be settled—without providing any settlement proposal. Plaintiffs' counsel have repeatedly identified what they believe to be insuperable obstacles to settlement, while making clear that they will consider any proposal Defendants make in good faith.

In accordance with the schedule set by the Court, Defendants produced the administrative record to Plaintiffs on September 19, 2025, shortly after Defendants filed the instant motion. Plaintiffs' motion for summary judgment is due on October 17, 2025, with briefing to be completed by December 30, 2025.

Meanwhile, an action brought largely on behalf of contractors who operate Job Corps centers to challenge both the May action challenged in this case and other actions taken by Defendants is pending in the Southern District of New York. *See Nat'l Job Corps Ass'n v. Dep't*

*of Labor*, No. 1:25-cv-04641 (S.D.N.Y.) (*NJCA*).[1] Pre-settlement conferences are scheduled for October 10, 2025, and October 17, 2025. Plaintiffs have not been provided with the government's written settlement proposal in that case, referred to in Defendants' motion. ECF 65 at 3.

## ARGUMENT

This Court may, in its discretion, require the parties to participate in mediation pursuant to Local Civil Rule 84.4. In exercising that discretion, the Court "must be mindful that 'when mediation is forced upon unwilling litigants, it stands to reason that the likelihood of settlement is diminished. Requiring parties to invest substantial amounts of time and money in mediation under such circumstances may well be inefficient.'" *United States v. Ridley's Fam. Markets, Inc.*, 525 F. Supp. 3d 1355, 1357–58 (D. Utah 2021) (quoting *In re Atlantic Pipe Corp.*, 304 F.3d 135, 144 (1st Cir. 2002)); *see also In re Eddy*, 957 F.2d 911 (Table), 1992 WL 56954, at *1 (D.C. Cir. 1992) ("While the Federal Rules of Civil Procedure are designed to encourage pre-trial settlement discussions, they are not intended to impose settlement on unwilling litigants."); *Palmer v. Kaiser Found. Hosps. Tech. Risk Off.*, 753 F. App'x 590, 593 (10th Cir. 2018) (holding that a court does not abuse its discretion by "declin[ing] to order a settlement conference" where a party indicated that it "was not interested in settling"); *Konarski v. Donovan,* 763 F. Supp. 2d 128, 137 (D.D.C. 2011) (declining to order mediation where one party "respond[ed] that mediation would not be productive at this point in the litigation"). Indeed, "[e]ach hour needlessly spent on a dispute that could be profitably spent on a case in which resolution of the issues could only come from the court is an hour wasted." *Bierk v. Tango Mobile, LLC*, No. 19 C 5167, 2021 WL 2681901, at *3 (N.D. Ill. June 30, 2021).

---

[1] In that case, there is currently a party-specific preliminary injunction in place. *NJCA*, ECF 77. On September 19, 2025, Defendants noticed an appeal from that injunction. *NJCA*, ECF 111.

3

Here, Plaintiffs have repeatedly communicated to Defendants that they do not believe that this case is amenable to settlement and have explained why. As they have explained, Plaintiffs do not believe that a compromise can be reached as to whether Defendants' "single directive that resulted in the shutdown of all privately operated Job Corps centers across the nation," ECF 53 at 9, was unlawful. Nor would mediation likely "narrow the issues in dispute" in the manner Defendants suggest. ECF 65 at 4. Although Defendants correctly point out that there are multiple causes of action in the complaint, the claims all concern the same core facts: Defendants' closure of all 99 Job Corps centers and suspension of program activities. Statutory provisions that require DOL to engage in certain procedures—including a period of notice and comment—before closing any Job Corps center, 29 U.S.C. §§ 3209(j), 3211(c), limit the range of conceivable resolutions. For the same reason, Plaintiffs believe that it would be inappropriate, and inconsistent with their legal position in this case, to enter into a private agreement about the operation of the Job Corps program behind closed doors. In addition, as putative class representatives and class counsel to all members of the putative class, Plaintiffs and their counsel do not believe that they can enter into an agreement that would treat some of the 99 Job Corps centers differently than others. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 331 (1980) (recognizing "the responsibility of named plaintiffs to represent the collective interests of the putative class"); 6 *Newberg and Rubenstein on Class Actions* § 19:2 (6th ed. 2025) (collecting cases and noting that "putative class counsel have a fiduciary duty to the incipient class"). Defendants have not acknowledged these concerns, much less provided any indication that these concerns can be overcome, in their motion. The willingness of the plaintiffs in the New York litigation, who are differently situated than the Plaintiffs in this case, to proceed to mediation, is of no moment.

4

Finally, Defendants are wrong that mediation would not harm Plaintiffs. Mediation requires a commitment of time and resources by the parties and their counsel. Requiring Plaintiffs and their counsel to invest time and resources in mediation, when Defendants have made no settlement offer and offered no substantive response to Plaintiffs' concerns that the case is not amenable to settlement, would be prejudicial. In addition, Defendants' motion suggests that mediation would "obviate the briefing of cross-motions for summary judgment." ECF 65 at 5. Thus, Defendants indicate that they will seek to put off their November 14, 2025, deadline for summary judgment briefing if the Court grants their request to order this case to mediation. While this Court's section 705 stay limits the harm to Plaintiffs and the other members of the putative class during the pendency of the case,[2] prolonging this litigation and the uncertainty as to whether Job Corps enrollees will have a place to live and whether they will be able to complete their educational and training programs is of real consequence.

To be clear, despite their belief that this case is not amenable to settlement, Plaintiffs remain open to considering any settlement proposals that Defendants put forward—as they have repeatedly told Defendants' counsel. Defendants, despite being asked multiple times to make even a preliminary proposal as to the sorts of relief they believe could resolve this action, have not done so. Mediation thus seems a strategy to delay, rather than to resolve, this litigation.

## CONCLUSION

For these reasons, the Court should deny Defendants' motion for referral of this case to mediation.

---

[2] Defendants have filed a notice of appeal from that stay. ECF 68.

Dated: September 24, 2025               Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver (DC Bar No. 1020475)
Michael T. Kirkpatrick (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

Arthur Ago (DC Bar No. 463681)
Aaron S. Fleisher[*†] (NY Bar No. 4431052)
Southern Poverty Law Center
1101 17th St. NW Ste. 705
Washington, DC 20036

Scott D. McCoy[*] (FL Bar No. 1004965)
Sam Boyd[*] (FL Bar No. 1012141)
Carli Raben[*] (FL Bar No. 1036013)
Southern Poverty Law Center
2 S. Biscayne Blvd. Ste. 3750
Miami, FL 33131

Michael Tafelski[*] (GA Bar No. 507007)
Diego A. Soto[*] (DC Bar No. 1029607)
Southern Poverty Law Center
150 E. Ponce De Leon Ave. Ste. 340
Decatur, GA 30030

*Counsel for Plaintiffs*

[*] *Admitted* pro hac vice

[†] *Not admitted to practice law in DC*