**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

ANARIA CABRERA, *et al.,*

        Plaintiffs,

  v.

DEPARTMENT OF LABOR, *et al.*,

        Defendants.

</td><td>

Civil Action No. 25-1909-DLF

</td></tr>
</table>

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

WHEREAS, the U.S. Department of Labor ("DOL") administers the federal Job Corps Program pursuant to Title I of the Workforce Innovation and Opportunity Act ("WIOA"), 29 U.S.C. § 3191 *et seq.*;

WHEREAS, on or about May 29, 2025, DOL announced "a phased pause in contractor-operated Job Corps centers nationwide," and issued various contract notices (stop-work orders, termination notices, non-renewal notices, and related notices or announcements) that terminated (or did not renew)  Job Corps operations contracts with private contractors as of June 30, 2025 (the "Termination Notices");

WHEREAS, on June 18, 2025, Plaintiffs—several Job Corps students—filed a complaint in the above-captioned action and moved for a preliminary injunction and stay;

WHEREAS, on July 25, 2025, the Court entered an Opinion and Order granting a stay pending review pursuant to 5 U.S.C. § 705 (the "Stay")  of DOL's "directive to effectuate the closure of all privately-operated Job[ ]  Corps centers" and prohibiting DOL from issuing, enforcing, implementing, maintaining, or giving effect to the Termination Notices without

following the procedural requirements in 29 U.S.C. §§ 3209(j) and 3211(c), pending the resolution of this action.

NOW THEREFORE, the parties have agreed to resolve this action on the following terms and conditions:

1.      On the tenth day after the Court's entry of this Stipulation, the clerk shall dismiss this action with prejudice, and the Stay will be lifted and cease to have effect.

2.      DOL will pay attorney fees to counsel for Plaintiffs in the amount of $50,000. Payment will be made by electronic funds transfer to Public Citizen Foundation, on behalf of all Plaintiffs and all counsel for Plaintiffs, and shall be transmitted by the ninetieth day after the Court's entry of this Stipulation. The Parties agree that this payment satisfies any obligation of DOL to pay the fees of Plaintiffs, under the Equal Access to Justice Act or otherwise, in connection with this case.

3.      Within ten days of the Court's entry of this Stipulation, DOL will fully and unconditionally rescind its May 29, 2025 "pause in contractor-operated Job Corps centers nationwide," as well as all Termination Notices, and take no further action to terminate Job Corps operations contracts based on or pursuant to the Termination Notices.

4.      The Parties agree that electronic, scanned, or facsimile signatures shall have the full force and effect of original signatures.  This Stipulation may be executed in any number of copies, each of which shall be deemed to be a counterpart original.

5.      The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

6.      This Stipulation has been entered into by the Parties solely for the purposes of resolving disputed claims in this case.  DOL denies liability as to each of the claims, motions,

2

petitions, and requests that were raised, or that could have been raised, in this lawsuit. This Stipulation does not constitute, and may not be construed as, a determination or an admission of a violation of any constitutional provision, statute, law, rule, regulation, policy, or contract by the Defendants.

7. On the tenth day after the Court's entry of this Stipulation, Plaintiffs, for themselves and their administrators, heirs, representatives, successors, or assigns, fully and forever waive, release and discharge the Defendants and their components, agents, employees and former employees, both in their official and their individual capacities, and the United States from any and all claims, demands, and causes of actions that have arisen out of this lawsuit.

8. On the tenth day after the Court's entry of this Stipulation, Plaintiffs hereby covenant that they will not commence against the Defendants their components, agents, employees or former employees, either in their official or their individual capacities, or the United States any action, claim, suit, or administrative proceeding on account of any claim or cause of action that has been released or discharged by this Stipulation.

9. This Stipulation constitutes the entire agreement and understanding between the Parties entered into in good faith, and no statement, representation, remark, agreement, or understanding, in oral or written form, that is not contained in this Stipulation shall be enforced, recognized, or used to interpret this Stipulation. The Parties agree that any prior or contemporaneous representations or understandings not explicitly contained in this written Stipulation, whether written or oral, are of no further legal or equitable force or effect.

10. The provisions of this Stipulation are severable. Should any provision of this Stipulation, for any reason, be deemed or held invalid or unenforceable, in whole or in part, by a court of law, said determination shall not affect any other provision of this Stipulation.

11.     This Stipulation is not intended to create, and does not create, any third-party beneficiary rights or any other kind of right or privilege for any person, group, or entity.

12.     Plaintiffs represent and warrant that they are the sole and lawful owners of all rights, titles, and interests in all claims and matters which they purport to release herein, and that they have not heretofore assigned or transferred, attempted to assign or transfer, or purported to assign or transfer any claim or matter released herein.

13.     This Stipulation will not be offered or be admissible as evidence against any party, or cited or referred to, in any action or proceeding, except an action or proceeding to enforce this Stipulation. In any action or proceeding to enforce this Stipulation in which this Stipulation is admitted into evidence or otherwise considered, the Stipulation will not constitute an admission by any party or a waiver of any claims or defenses the party may have or assert.

14.     This Stipulation is governed by the laws of the United States.  This Court shall retain exclusive jurisdiction over any dispute relating to this Stipulation.  For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

15.     Should the Court not enter this Stipulation, it shall be null and void, with no force and effect.

Agreed to by:

BRETT A. SHUMATE
Assistant Attorney General

NOAH M. KATZEN
Assistant Branch Director

*/s/ Michael Bruns*
Michael Bruns
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
michael.bruns@usdoj.gov

*Counsel for Defendants*

/s/ Adam R. Pulver

Adam R. Pulver (DC Bar No. 1020475)
Michael T. Kirkpatrick (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

Arthur Ago (DC Bar No. 463681)
Aaron S. Fleisher[*][†] (NY Bar No. 4431052)
Southern Poverty Law Center
1101 17th St. NW Ste. 705
Washington, DC 20036

Scott D. McCoy[*] (FL Bar No. 1004965)
Sam Boyd[*] (DC Bar No. 90043654)
Carli Raben[*] (FL Bar No. 1036013)
Southern Poverty Law Center
2 S. Biscayne Blvd. Ste. 3750
Miami, FL 33131

Michael Tafelski[*] (GA Bar No. 507007)
Diego A. Soto[*] (DC Bar No. 1029607)
Southern Poverty Law Center
150 E. Ponce De Leon Ave. Ste. 340
Decatur, GA 30030

5

*Counsel for Plaintiffs*

[*] *Admitted* pro hac vice

[†] *Not admitted to practice law in DC*

SO ORDERED:

_____
Hon. Dabney L. Friedrich
U.S. District Judge

August 11, 2026
_____
Date

6